**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SAUER, INC.,**

      **Plaintiff,**

-vs-                Case No. 6:11-cv-926-Orl-31DAB

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,**

      **Defendant.**

_____

# ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 8) filed by the Defendant, the National Aeronautics and Space Administration ("NASA"), and the response (Doc. 11) filed by the Plaintiff, Sauer, Inc. ("Sauer").

**I. Background**

The following is taken from the Complaint (Doc. 1), which is accepted as true for purposes of resolving this motion to dismiss.

Sauer is engaged in a dispute with Space Gateway Systems, LLC ("Space Gateway"). On June 24, 2010, in connection with that dispute, Sauer sought certain documents from NASA pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. NASA provided Sauer with an estimate of the fee to process the request. On July 29, 2010, Sauer notified NASA it would pay the fee.

NASA identified some documents that it believed were responsive to Sauer's request. On October 12, 2010, NASA notified Sauer that it had provided the documents to Space Gateway for

their review, and that Space Gateway had concluded that at least some of the documents contained commercial information that would bar their release under the FOIA.  NASA also advised Sauer that it was conducting its own review of the documents to determine whether Space Gateway's assessment was correct.  On November 12, 2010, NASA notified Sauer that it had not completed its own review, but that it would be releasing at least some of the requested documents.  On January 28, 2011, NASA notified Sauer that the agency had missed the statutory deadline for releasing documents under FOIA.

On February 11, 2011, NASA released 92 pages of documents to Sauer.  NASA also acknowledged that additional responsive documents existed, but it had not yet decided whether those additional documents could be released.  The parties continued to correspond, but NASA did not release any additional documents through the date that Sauer filed this suit – April 29, 2011.

## II.     Analysis

When a party has failed to exhaust its administrative remedies under the FOIA, its complaint is subject to dismissal pursuant to Rule 12(b)(6).  The FOIA provides for two different types of exhaustion: actual and constructive.  *Taylor v. Appleton*, 30 F.3d 1365, 1368 (11th Cir. 1994).  Actual exhaustion occurs when the agency denies all or part of a party's document request.  *Id.*  A party is deemed to have constructively exhausted its administrative remedies if the agency fails to comply with the time limits set forth in 5 U.S.C. § 552(a)(6).  *Id*.  Simply stated, the statute gives the agency ten days to decide whether to release the requested records and twenty days to resolve any appeal of that decision.  5 U.S.C. § 552(a)(6).  In addition, the agency may, in certain circumstances, enlarge its response time by ten days if it provides written notice to the requesting party.  5 U.S.C. § 552(a)(6).  (The clock begins ticking once the requesting party agrees to pay the

necessary fee.) If the agency has not responded within these statutory deadlines, the requesting party may bring suit. *Taylor* at 1368. However, the right to judicial review based on constructive exhaustion lapses if an agency belatedly responds to a request before the party's suit is filed. *Id* at 1369.

NASA admits that it missed the deadline for responding to the request, which constructively exhausted Sauer's adminstrative remedies and gave the company the right to file suit. But NASA contends that Sauer's right to bring suit lapsed in February 2011, when the agency provided some documents that were responsive to Sauer's request – what it terms an "incremental response". However, NASA admits that, as of the day that Sauer filed suit, it had yet to decide whether to release hundreds of pages that were responsive to Sauer's request.[1] Both *Taylor* and the main case it relied upon – *Oglesby v. United States Dept. of Army*, 920 F.2d 57 (D.C.Cir. 1990) – stress the need for a proper response to a FOIA request as a prerequisite to terminating the requesting party's right to bring suit on the basis of constructive exhaustion. In *Oglesby*, the court stated

> A response is sufficient for purposes of requiring an administrative appeal if it includes: the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse. ... Assuming an agency's initial response complies with these requirements, the FOIA requester must appeal to the head of the agency.

*Oglesby* at 65. In *Taylor*, after missing the response deadline but before suit was filed, the agency provided some of the responsive documents at issue, denied access to others with citations to

---

[1] In its motion, NASA states that it released 1,500 pages to Sauer on May 20, 2011, three weeks after Sauer filed suit, and that 650 pages were still being reviewed by NASA or Space Gateway for possible release. (Doc. 12 at 4-5).

specific provisions of FOIA, and directed the requester to provide fees or obtain third-party consent to get copies of some requested documents. *Taylor* at 1369. In the words of the *Taylor* court, the plaintiff "chose not to file a lawsuit until after the agency properly responded to his requests," and as a result he was required to actually exhaust his administrative remedies. *Id.* at 1370-71.

In this case, based on the Complaint and NASA's recounting of its own efforts, the response was not sufficient so as to require Sauer to pursue an administrative appeal. As of the filing of this case, no determination had been made in regard to hundreds of pages sought by Sauer. Accordingly, the Court finds that Sauer's right to bring suit was not terminated by NASA's incremental response.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 23, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party